**"O"**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO OROZCO, | Case No. CV 05-07079-MLG |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| JO ANNE B. BARNHART, Commissioner of the Social Security Administration, | |
| Defendant. | |

**I.   Procedural History**

This is an action for judicial review of the Defendant Commissioner's final decision denying Plaintiff's application for an award of Social Security Disability Insurance benefits and Supplemental Security Income benefits. For the reasons set forth below, the Court reverses the administrative decision and orders an award of benefits.

Plaintiff filed applications for benefits on March 26, 2001, alleging that he has been disabled and unable to work since 1993 due to obesity, lower back and disc pain, a thyroid problem, a breathing

impairment and forgetfulness. (Administrative Record ("AR") 55.)  The Social Security Administration ("SSA") denied benefits at the initial and reconsideration stages of the administrative process.  A *de novo* hearing was held on April 2, 2002 before Administrative Law Judge ("ALJ") London Steverson.  In a decision dated April 9, 2002, the ALJ found that Plaintiff could return to his past relevant work as a shipping and receiving worker and was therefore not disabled within the meaning of the Social Security Act. (AR 19-20.)  The Appeals Council denied review on October 25, 2002.

Plaintiff then filed an action for judicial review.  On December 4, 2003 this Court reversed the administrative decision and remanded the case to the Commissioner, finding that: (1) the ALJ failed to fully develop the record with regard to Plaintiff's past relevant work; (2) the ALJ failed to offer clear and convincing reasons to reject the testimony of the examining physicians regarding Plaintiff's postural limitations; and (3) the ALJ erred by failing to consider third-party statements regarding Plaintiff's symptoms. *Orozco v. Barnhart*, Case No. CV 02-9838-MLG.

By order dated September 15, 2004, the Appeals Council vacated the ALJ's decision and remanded the case for further evaluation and a new decision.  A supplemental hearing was held in Downey, California on July 21, 2005, at which Plaintiff, represented by attorney Laura Krank, appeared and testified.  A Spanish language interpreter was also present.  On July 29, 2005, ALJ Steverson issued an unfavorable decision.  This decision adopted and incorporated the evaluation of the medical evidence from the prior decision, but not the findings or conclusions of the earlier decision.  Plaintiff then commenced this action for judicial review.

## II. Factual and Medical History

Plaintiff was born on November 25, 1949, and was 55 years old at the time of the hearing. (AR 140.) He is considered a "person of advanced age." (20 CFR §§ 404.1563 and 416.963). He attended school through the second grade and cannot effectively communicate in English. (AR 31, 140.) Plaintiff had relevant work experience as a shipping and receiving worker and as a machine operator. He last worked in 1993. (*Id.*) Plaintiff is 5 foot 7 inches tall, (AR 124), and weighed 294 pounds at the time of the hearing. (AR 231.)

Plaintiff was treated at Douglas Industrial Medical Clinic in Rancho Dominguez from 1996 to 1998 for thyroid and back problems. (AR 58.) Plaintiff presented to the consultative physician as a "moderately obese" man with back pain, leg pain and lower extremity swelling. (AR 104.)

Based on the medical exhibits, the ALJ found that Plaintiff suffered from severe obesity, diabetes mellitus, hypertension, and venous stasis.[1] The ALJ found that the diagnoses of asthma, obstructive lung disease, and sleep apnea were unsubstantiated by the objective medical findings and rejected them in his decision. (AR at 140.) Based on these conclusions, the ALJ determined that Plaintiff's medically determinable impairments, considered singly or in combination, do not meet or equal the requirements of any impairment listed at 20 C.F.R. § 404, Subpart P, Appendix 1. (AR 140.) In his decision, the ALJ found that Plaintiff was "limited only by an inability to lift, carry, push or pull more than 25 pounds

---

[1] Venous stasis is defined as "congestion and slowing of circulation in veins due to blockage by either obstruction or high pressure in the venous system, usually best seen in the feet and legs." STEDMAN'S MEDICAL DICTIONARY (27th ed. 2000).

frequently or more than 50 pounds occasionally; and an inability to stand or walk longer than six hours in an eight-hour workday." (AR 141). With these limitations in mind, the ALJ found that Plaintiff could return to his past relevant work as a shipping clerk as it is ordinarily performed in the national economy. (AR at 140.)

In the parties' joint stipulation of issues and contentions, Plaintiff raises three claims of error. First, he contends that the ALJ failed provide specific and legitimate reasons to reject the opinion of his treating physician. Second, Plaintiff contends that the ALJ failed to comply with the district court remand order regarding consideration of the lay witness statements of Freddy Coronel and Rosario Portillo. Third, Plaintiff claims that the ALJ failed to provide clear and convincing reasons for rejecting his subjective symptom testimony. Defendant on the other hand contends that the ALJ's decision is free from error and supported by substantial evidence. This matter is ready for decision.

### III. Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). It is more than a scintilla, but less than a preponderance.

4

*Reddick*, 157 F.3d at 720. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Id.* "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. *Id.* at 720-21.

## IV.   Discussion and Analysis

### A.   The ALJ Erred in Disregarding the Treating Physician's Opinion

Plaintiff's contentions of error largely rest on the assertion that the ALJ erred in failing to give appropriate weight to the findings and opinions of Plaintiff's treating physician. (JS 5.) In particular, the ALJ rejected the opinion of Alexander Moy, M.D., regarding Plaintiff's ability to work because he concluded that the opinion had been improperly based on the Plaintiff's subjective complaints. (AR 141.)

The opinions of treating physicians are ordinarily to be given greater weight than the opinions of other physicians. *Aukland v. Massanari*, 257 F.3d 1033, 1037 (9th Cir. 2001); *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). A treating physician's opinion as to the nature and severity of an impairment must be given controlling weight if the opinion is well supported and not inconsistent with other substantial evidence. SSR 96-2p; *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001). Even when the treating physician's opinion is contradicted by other medical evidence in the record, that opinion is entitled to deference unless there are specific and legitimate reasons, supported by substantial evidence in the record,

for its rejection. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). It is insufficient to reject the opinion of a treating physician merely because the opinion is based on subjective complaints, when subjective complaints are characteristic of the disorder. *Reddick v. Charter*, 157 F.3d 715, 725-26 (9th Cir. 1998).

In his decision, the ALJ noted the conclusions of Dr. Moy, but discounted Dr. Moy's opinion that, since November 2003, Plaintiff was limited in "his capacity to sit, stand or walk to less than two hours in an eight-hour workday; to stand longer than five minutes at a time; to sit longer than one hour at a time; to lift more than ten pounds frequently or occasionally; to sit without elevation of his legs 50 percent of the time; do repetitive reaching, handling or fingering; to bend or twist at the waist; and to sustain work activities without requiring unscheduled breaks or an unacceptable rate of absenteeism of more than three days a month" because "they were based primarily on subjective symptoms." (AR 141.)

On January 31, 2005, Dr. Moy completed a detailed residual functional capacity assessment regarding Plaintiff's ability to perform work. (AR 214-18.) Dr. Moy opined that Plaintiff suffered from morbid obesity, with a weight of 300 pounds and a height of 5'5"; venus stasis; obstructive sleep apnea; type 2 diabetes mellitus; hypertension; and hyperlipidemia. (AR 214). According to Dr. Moy, Plaintiff's symptoms included shortness of breath, fatigue, and leg pain due to swelling. (*Id.*) Dr. Moy opined that Plaintiff could not stand and walk for two hours a day and that Plaintiff would need to elevate his legs with prolonged sitting. (AR 216-17.) He further stated that due to the combination of Plaintiff's impairments, that he would miss work up to three times per month.

The ALJ failed to provide specific and legitimate reasons to reject the opinion of Dr. Moy, Plaintiff's treating physician. Given the conflicting medical evidence in the record, the ALJ was required to provide specific and legitimate reasons supported by substantial evidence in the record to disregard the opinion of treating physician, Dr. Moy. *Rollins*, 261 F.3d at 856. The ALJ failed to do so. The only reason that the ALJ explicitly offered to reject Dr. Moy's diagnoses was that it was based on subjective complaints. (AR 141.)

This rationale was neither clear, convincing, nor substantially supported. First, that reason simply fails to explain why the opinion of Dr. Moy, who is indisputably a treating physician, should not be deferred to. Second, it stands to reason that patients with chronic ailments do not seek medical treatment for every ache and pain, especially when they occur on a daily basis. Thus, as Dr. Moy's reports in this case indicate, subjective complaints of the patient, rather than frequency of medical treatment, are likely a common basis upon which a treating physician can diagnose and manage a patient's condition. In light of this reality, the ALJ's insistence on documented, "objective" evidence was unreasonable. As previously noted, when subjective complaints are characteristic of the disorder, it is insufficient to reject the opinion of a treating physician merely because it is based on subjective complaints. *Reddick v. Charter*, 157 F.3d 715, 725-26 (9th Cir. 1998). The Court concludes that the ALJ's disregard of Dr. Moy's opinion was not substantially supported in the record.

Evidently, the ALJ also did not consider as objective the findings of examining physician Dr. Lilian Chang or Dr. Cohenzadeh,

the state agency physician who noted that Plaintiff was limited in his range of movement.  The ALJ was ordered on remand to consider these opinions.  In this decision, he simply rejected them as "based on subjective complaints of pain and limitation of motion of the low back and knees."  (AR 141.)

In addition, the findings of Drs. Chang, Cohenzadeh and Moy were supported by lay witness statements of Freddy Coronel and Rosario Portillo.  In his current decision, the ALJ failed to mention these third party statements despite the direct order of this Court to do so.  The ALJ has twice failed to properly consider the lay witness testimony.  In fact, it is not clear to this Court what evidence the ALJ relied upon to determine the scope and nature of Plaintiff's past relevant work or limitations.  It seems that the ALJ relied upon his own conclusions and opinions.  The decision is not supported by substantial evidence.

**B. <u>An Award of Benefits is the Appropriate Remedy</u>**

The decision whether to remand for further proceedings is within this Court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-1178 (9th Cir. 2000).  Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id*. at 1179; *see also Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Remand is appropriate when there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated. *Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir.

2003); *see also Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) (remanding case for reconsideration of credibility determination). Here, there are no outstanding issues that must be resolved before a determination of disability can be made because the record is fully developed and overwhelmingly support's the conclusion that Plaintiff is disabled under the Social Security Act. "Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, [the Court] credit[s] that opinion 'as a matter of law.'" *Meraz v. Barnhart*, 300 F.Supp. 2d 935, 942 (C.D.Cal. 2004) citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (citations omitted); *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989). The Court credits Dr. Moy's opinion as true.

Once a claimant has shown that he cannot return to his past relevant work, the burden shifts to the Secretary to show that he can perform other jobs in the national economy. The Ninth Circuit has held that "[t]he Secretary can satisfy this burden by either (1) applying the Medical-Vocational Guidelines ("grids") in appropriate circumstances or (2) taking the testimony of a vocational expert." *Burkhart v. Bowen*, 856 F.2d 1335, 1340 (9th Cir. 1988). The use of the grids is inappropriate in case where the claimant's nonexertional limitations significantly restrict his range of work. *Bates v. Sullivan*, 894 F.2d 1059, 1063 (9th Cir. 1988), *overruled in part by Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991). However, if the nonexertional limitations do not significantly restrict the claimant's range of work, use of the grids is appropriate. *Id.*

Here, the VE testified that Plaintiff has no transferable skills. (AR 245.) Based on Plaintiff's age (55 at the time of the hearing), education (second grade and inability to communicate effectively in

English), and lack of transferrable skills, Grid Rule 202.02 would direct a finding of disability.[2] Therefore, it is appropriate to exercise this Court's discretion to direct an immediate award of benefits. *Harman* 211 F.3d at 1179.

**V.     Conclusion**

For the reasons stated above, it is **ORDERED** that the decision of the Commissioner be reversed and that this matter be remanded for an award of benefits.

Dated: June 23, 2006                    */s/ Marc L. Goldman*
                                        _____
                                        Marc L. Goldman
                                        United States Magistrate Judge

---

[2] *See* 20 CFR 404.202©: "[F]or individuals of advanced age who can no longer perform vocationally relevant past work and who have a history of unskilled work experience, or who have only skills that are not readily transferable to a significant range of semi-skilled or skilled work that is within the individual's functional capacity, . . . the limitations in vocational adaptability represented by functional limitation to list work warrant a finding of disabled."